**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL COMER, ID # 37478-177,** | ) | |
| **Movant,** | ) | |
| vs. | ) | No. 3:09-CV-1261-N-BH |
| | ) | No. 3:08-CR-0085-N (01) |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Movant, an inmate currently incarcerated in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:08-CR-0085-N. The respondent is the United States of America ("Government").

On March 28, 2008, Movant was charged by information with operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960(a) and (b)(1)(B). (*See* Information, doc. 1.)[1] That same day, he waived his right to be indicted, entered into a plea agreement with the Government, and signed a factual resume admitting facts sufficient to support his plea. (*See* Waiver of Indictment, doc. 2; Plea Agreement, doc. 3; and Factual Resume, doc. 4.) As part of the plea agreement, and pursuant to Fed. R. Crim. P. 11(c)(1)(C), Movant and the Government agreed to a sentence of eighteen months. (Plea Agreement at 2.)

At rearraignment on June 10, 2008, Movant pled guilty to the charge against him. (*See* Tr.

---

[1] Unless stated otherwise, all document numbers refer to the docket number assigned in the underlying criminal action.

Rearraignment at 47.) He was placed under oath and questioned about the voluntariness of the waiver of indictment, the plea, and the factual basis for the plea. (*Id.* at 7-9, 11-17, 40-47.) After Movant stated that he had received no threats or promises regarding waiving indictment and wished to waive indictment, a magistrate judge found the waiver knowingly and voluntarily entered. (*Id.* at 41.) With an understanding of the contents of the felony information, Movant waived a reading of the information in open court, and admitted each essential element of the charged offense. (*Id.* at 41-43.) Movant was also informed that he was waiving his right to appeal or collaterally attack his conviction except to the limited extent set out in the plea agreement. (*Id.* at 46.) The magistrate judge ultimately found that Movant entered his plea knowingly and voluntarily, and recommended that the district court accept the plea. (*Id.* at 48.)

The district court accepted the recommendation and guilty plea, and adjudged Movant guilty. (Order Accepting Report & Recommendation, doc. 15.) After a sentencing hearing, the district court entered judgment on Movant's guilty plea and sentenced him to eighteen months of imprisonment. (*See* Judgment, doc. 20.) Movant filed no appeal.

Movant filed his motion to vacate on or about July 1, 2009, (*see* Mot. at 1), and a supplement to that motion on or about August 18, 2009, (*see* Notice to the Clerk of the Court, doc. 9 in civil action, hereafter "Supp. Mot."). He asserts eleven claims:[2]

   (1)   lack of jurisdiction because Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional;

   (2)   failure to establish that the alleged offense occurred in the Northern District of Texas;

   (3)   lack of territorial jurisdiction;

---

[2] Movant lists thirteen claims but Claim 13 is the same as Claim 7 (*compare* Mot. at 10-11 (Claim 7) *with* Supp. Mot. (Claim 13)), and Claims 11 and 12 are considered together.

    (4)    lack of jurisdiction because no criminal complaint exists;

    (5)    violation of the Separation of Powers doctrine;

    (6)    illegal sentence because sentenced by non-Article III judge;

    (7)    lack of jurisdiction due to 18 U.S.C. § 546 (1940);

    (8)    ineffective assistance of counsel;

    (9)    coerced plea;[3]

    (10)    unconstitutionality of Fed. R. Crim. P. 6; and

    (11)    suppression of evidence and violation of Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3.

(*See* Mot. at 7-11; Supp. Mot. at 2-7.)[4] The Government argues that Movant waived all claims except his eighth and ninth claims, and that these two claims lack merit. (*See* Resp. Opp'n Mot. ("Resp.") at 1-5.) Movant responded to the Government's response with a motion to strike, or alternatively, a reply in opposition. (*See* Mot. Strike Gov.'s Resp. ("Mot. Strike") or Alternatively Opp'n ("Reply").)

## II. MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Movant seeks to strike the Government's response. (*See* Mot. Strike at 1-2.)

In pertinent part, Rule 12(f) states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the Government's response is not a pleading within the meaning of Rule 12(f), that rule provides no

---

[3] Although Movant frames Claim 9 in terms of a coerced confession, the claim clearly relates to his decision to plead guilty. (*See* Supp. Mot. at 3.) He is not alleging any sort of misconduct by law enforcement personnel.

[4] The supplement contains no page numbering.

basis to strike the response. *See Holly v. United States*, No. Civ-08-404-F, CR-04-114-F, 2009 WL 3029603, at *2 (E.D. Okla. Sept. 17, 2009); *United States v. Viola*, No. Civ. 02-9014, CR. 99-586, 2003 WL 21545108, at *2 (E.D. Pa. July 7, 2003). The motion to strike should therefore be denied.

### III. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

In this case, the Government does not invoke procedural bar as a defense to any claim. Because Movant clearly set out the claims he raises in this action, and because the Government

responds to each one in some respect, the Government has intentionally waived the procedural bar defense. *Cf. id.* (finding no intentional waiver because the pleadings were not clear as to whether the movant was actually raising the barred claim and because the government raised the defense at the first opportunity it had).

Although the Government has waived the procedural bar defense, however, it specifically asserts that Movant waived his right to pursue all claims except his ineffective assistance of counsel (Claim 8) and coerced plea (Claim 9) claims in this § 2255 action through his voluntary guilty plea. (Resp. at 2-3.) Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). It is also a sufficient basis upon which to summarily deny claims raised in a motion filed pursuant to § 2255.

Movant's plea agreement waives all claims on collateral review except for claims of ineffective assistance of counsel and those that go to the voluntariness of the waiver or Movant's plea. (*See* Plea Agreement ¶ 10.) Given the broadly worded claim of ineffective assistance claim and a statement in his motion that all of his claims "relate to ineffective assistance of counsel and were caused by his inability to research the facts, law, and jurisdiction of this case" (*see* Mot. at 5; Supp. Mot. at 2), consideration of the merits of each of Movant's claims is appropriate.

## IV. JURISDICTIONAL CLAIMS

Movant asserts that the Court lacked jurisdiction in various respects. (*See* Mot. at 7-11.)

### A. Constitutionality of Title 18 (Claim 1)

In his first claim, Movant argues that the Court lacked jurisdiction to "indict, prosecute, or convict" him because Public Law 80-772, which codified Title 18, was not validly enacted, and

5

consequently, Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional. (Mot. at 7-8.) This argument has been rejected by the Fifth Circuit Court of Appeals, *United States v. Leyva*, No. 06-11172, 2007 WL 3230321, at *1 (5th Cir. Oct. 31, 2007) (per curiam), and other district courts in Texas, *see*, *e.g.*, *United States v. Ferguson*, No. 1:07-CR-70, 2007 WL 2908765, at *2 (E.D. Tex. Oct. 5, 2007) (adopting recommendation of Mag. J.); *United States v. Harbin*, No. C-0221(3), 2007 WL 1849004, at *4-6 (S.D. Tex. Sept. 21, 2007). Section 3231 provides jurisdiction for the United States District Courts over federal criminal matters. *See*, *e.g.*, *United States v. Hunt*, 253 F.3d 227, 229 (5th Cir. 2001). This claim has no merit and provides no basis for § 2255 relief.

### B. Territorial Jurisdiction (Claim 3)

Relying on Article I, Section 8, Clause 17 of the United States Constitution,[5] Movant argues in his third claim that the Court lacked territorial jurisdiction. (Mot. at 9.) The Fifth Circuit has recently found a territorial jurisdictional challenge patently frivolous. *See United States v. Davis*, No. 08-20601, 2009 WL 2972194, at *1 (5th Cir. Sept. 17, 2009) (per curiam). Moreover, 18 U.S.C. § 3231 grants the federal district courts jurisdiction over federal offenses. This claim lacks merit.

### C. Charging Instrument (Claim 4)

In his fourth claim, Movant argues that the Court lacked jurisdiction because no criminal complaint exists in this case. (Mot. at 9.) Movant was convicted on an offense charged in a federal information. He voluntarily waived his right to indictment (*see* Tr. Rearraignment at 41), and he does not challenge the voluntariness of that waiver in this collateral attack on his conviction. The

---

[5] That Clause states:
> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings[.]

absence of a criminal complaint does not affect the jurisdiction of the Court under these circumstances. This claim entitles Movant to no relief.

### D. 18 U.S.C. § 546 (1940) (Claim 7)

Movant asserts in his seventh claim that the Court lacked jurisdiction due to the continued applicability of 18 U.S.C. § 546 (1940). (Mot. at 10-11.) He argues that although the criminal code of the United States was amended in 1909, 1940, and 1948, the 1940 version of 18 U.S.C. § 546 remains good law and does not authorize prosecution under a criminal statute enacted after 1940. (*Id.* at 10.) He further argues that he received no notice that he was being charged with any offense under the 1940 act. (*Id.* at 10-11.)

Movant provides no authority for this jurisdictional argument, and none is apparent. The current version of 18 U.S.C. § 546 concerns smuggling goods into foreign countries and in no way impacts the jurisdiction of this Court to convict Movant for a violation of 18 U.S.C. § 1960. Movant's jurisdictional argument is frivolous. The Court properly exercised its jurisdiction under 18 U.S.C. § 3231, which was enacted in 1948 and has undergone no changes in the intervening sixty-one years. This claim has no merit.

## V. "STRUCTURAL" CLAIMS

Movant asserts "structural" claims that he contends may be raised at any time even though they are not based upon an alleged lack of jurisdiction. (*See* Mot. at 8-11; Supp. Mot. at 4.)

### A. Offense Location (Claim 2)

In his second claim, Movant argues that the Court failed to establish that the charged offense occurred in the Northern District of Texas when it failed to inform him that the Government must prove where he committed the offense. (Mot. at 8.) He further argues that the failure to require the

Government to prove this essential element acts as a not guilty verdict. (*Id.*)

Movant provides no legal basis for this claim, and none is apparent. The charging instrument informed Movant as to the alleged location of the offense – "in the Northern District of Texas and elsewhere." (*See* Information at 2.) When asked by the magistrate judge, Movant stated that he understood the contents of the felony information, waived a reading of the information in open court, admitted each essential element of the charged offense, and stated that the facts set forth in the factual resume were true. (*See* Tr. Rearraignment at 41-43, 47.) The factual resume states that relevant events occurred in Greenville, Texas,[6] (Factual Resume at 2-3), which is in the Northern District of Texas. The factual resume satisfies the requirement of Fed. R. Crim. P. 11(b)(3) that a factual basis exists for the plea. Moreover, by his voluntary[7] plea, Movant waived the right to demand any evidence to sustain his conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). This claim is without merit.

## B. <u>Separation of Powers (Claim 5)</u>

Movant's fifth claim asserts an alleged violation of the Separation of Powers Doctrine. (*See* Mot. at 9-10.) He contends that the Court sells bonds based upon his conviction, which creates a conflict of interest and violates the Doctrine. (*See id.*) The contention is factually inaccurate, and this claim is patently frivolous.

## C. <u>Illegal Sentence (Claim 6)</u>

In his sixth claim, Movant argues that his sentence is illegal because he was sentenced by a non-Article III judge. (Mot. at 10.) He contends that the District Judge's oath of office makes him

---

[6] Greenville is located in Hunt County, which is in the Northern District of Texas. *See* 28 U.S.C. § 124(a)(1).

[7] As discussed *infra*, Movant voluntarily entered his plea.

a non-Article III judge, and that the District Judge cannot satisfy the requirements for an Article III judge because his pay can be diminished. (*Id.*) This claim is also frivolous and without merit.

### D. Constitutionality of Fed. R. Crim. P. 6 (Claim 10)

In his tenth claim, Movant argues that Fed. R. Crim. P. 6 is unconstitutional because it allows the prosecutor to hold the grand jury record – thus tainting the records. (Supp. Mot. at 4.) He contends that he had a constitutional right to present evidence to a grand jury. (*Id.*)

Rule 6 governs grand jury proceedings. The rule is completely immaterial in this case given Movant's voluntarily waiver of his right to indictment. (*See* Tr. Rearraignment at 41.) Movant does not challenge the voluntariness of that waiver in this collateral attack on his conviction. Because there are no grand jury records for this case, Movant's constitutional argument lacks a basis in fact. This claim entitles Movant to no relief in this collateral attack against his conviction.

## VI. VOLUNTARINESS OF PLEA (CLAIM 9)

In his ninth claim, Movant alleges that he was coerced to plead guilty without discovery or an evidentiary hearing. (Supp. Mot. at 2-3.) This allegation goes to the voluntariness of his plea.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998)(a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea induced by threats, improper promises, deception, or misrepre-

sentation is not voluntary. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly. It requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required

under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

In addition, inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

11

Movant asserts that he was coerced into pleading guilty by threats of increased jail time if he proceeded to trial. (Supp. Mot. at 3.) In general, assertions of a potential term of imprisonment are not coercive of themselves. *United States v. Williams*, Nos. 3:00-CV-0841-X, 3:94-CR-0225-X(01), 2001 WL 733417, at *14 (N.D. Tex. June 26, 2001) (accepting recommendation of Mag. J.) Further, the Sentencing Guidelines do provide for a potential sentence reduction for those who plead guilty. *See* USSG § 3E1.1 (acceptance of responsibility).

Moreover, the plea agreement entered into by Movant specifically states that it "is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 5.) At rearraignment movant was placed under oath and informed of perjury consequences for falsely answering the Court's questions. (*See* Tr. Rearraignment at 7-8.) He averred that he understood (1) his constitutional rights, including his right to be indicted; (2) his plea of guilty must not be induced by any promise, threats, pressure, or coercion, and signifies that he is guilty; (3) the accusations within Count 1 of the felony information to which he was pleading guilty; (4) the essential elements of the charged offense; (5) the statutory maximum term of imprisonment was five years; (6) that he and the Government had agreed to an eighteen month sentence; and (7) that he waived his right to appeal and to collaterally attack his conviction in the plea agreement except on specific grounds set out therein. (*Id.* at 13-17, 40-46.) He admitted each essential element of the charged offense and confirmed that no one had attempted to force him to plead guilty or made any promise to induce him to plead guilty. (*Id.* at 42-44.) He also stated that he read and understood the plea agreement, and that the document completely stated his agreement with the Government. (*Id.* at 43- 44.) He further stated that he read the factual resume, and that the facts stated therein were true. (*Id.* at 47.)

Movant's assertion of coercion is clearly belied by the record. "Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson*, 595 F.2d 1021, 1021 (5th Cir. 1979) (per curiam)). Such refutations may be heard on collateral review, however, when the movant "offers specific factual allegations supported by the affidavit of a reliable third person". *Id.* In other words, when a § 2255 movant makes allegations which conflict with his sworn testimony at his plea hearing, he must provide an "independent indicia of the likely merit of [the] allegations, typically in the form of one or more affidavits from reliable third parties." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A movant's own affidavit does not suffice. *United States v. Mackay*, Nos. 3:04-CV-0413-D, 3:97-CR-0208-T(01), 2007 WL 700895, at *26 (N.D. Tex. Mar. 6, 2007) (accepting recommendation of Mag. J.), *aff'd*, No. 07-10477, 2009 WL 1971627 (5th Cir. July 9, 2009) and *cert. filed*, No. 09-7046 (Oct. 8, 2009).

Here, Movant relies only his own unsupported allegations of coercion, which are insufficient to overcome the veracity of his prior testimony and the presumption of regularity accorded the plea agreement that he signed. He has not shown how a lack of discovery or an evidentiary hearing rendered his plea involuntary or coerced. Conclusory allegations are insufficient to refute sworn testimony given during a plea hearing. *Id.* at *17. Moreover, the Government has no constitutional obligation to provide information to a defendant prior to a plea, and a failure to do so does not render a plea involuntary. *See United States v. Conroy*, 567 F.3d 174, 178-79 (5th Cir. 2009), *cert. filed*, No. 09-6627 (Sept. 18, 2009). Because Movant has not overcome the presumption accorded his in-court declarations or the presumption of regularity accorded court records, the Court finds that he was not coerced to plead guilty.

## VII. SUPPRESSION OF EVIDENCE (CLAIM 11)

Movant argues in his eleventh claim that the Government concealed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and CIPA. (Supp. Mot. at 5-6.)

Congress enacted CIPA to establish rules for managing criminal cases involving "classified information" so as to balance the defendant's right to exculpatory material with a governmental need to suppress information for purposes of national security. *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 115-16 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 2778 (2009) and *cert. filed*, No. 09-6231 (Aug. 31, 2009). For purposes of CIPA,

> "Classified information" . . . means any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security and any restricted data, as defined in paragraph r. of section 11 of the Atomic Energy Act of 1954.

18 U.S.C. app. 3 § 1(a).

Because Movant identifies no classified information that was withheld from him, his claimed suppression is conclusory to the extent he alleges a violation of CIPA. His voluntary plea also precludes him from arguing a *Brady* violation. *See United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009), *cert. filed*, No. 09-6627 (Sept. 18, 2009). Moreover, *Brady*'s disclosure requirements are not applicable in the plea context. *Id.*; *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000); *Matthew v. Johnson*, 201 F.3d 353, 360-64 (5th Cir. 2000). As explained in *Orman*, "*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." 228 F.3d at 617; *accord*, *United States v. Ruiz*, 536 U.S. 622, 634 (2002) (Thomas, J., concurring). "Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt,

it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation." *Matthew,* 201 F.3d at 361-62. This claim entitles Movant to no § 2255 relief.

### VIII. INEFFECTIVE ASSISTANCE OF COUNSEL (CLAIM 8)

In eighth claim, Movant asserts specific claims of ineffective assistance. (*See* Supp. Mot. at 2.) He also claim that all of his claims arise from ineffective assistance of counsel based on his attorney's inability to research the facts, law, and jurisdiction of this case. (*See* Mot. at 5, 11.)

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's

performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Likewise, conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A. Coerced Plea

Movant asserts that his attorney allowed him to enter a coerced plea. (*See* Supp. Mot. at 2.) Because the Court has already found that there was no coercion in this case, this claim has no merit.

### B. Failures to Obtain Discovery, File Motions, Make Government Carry Burden

Movant also argues that his attorney failed to obtain discovery, file motions, or make the

Government prove its case. (Supp. Mot. at 2.) He has not identified any motion that would have altered the outcome of his plea had his attorney filed it. As noted above, the Government is not obligated to provide information to a defendant before he pleads guilty, and Movant's voluntary plea relieved the Government of its burden to prove its case. Movant has neither overcome the strong presumption that his attorney's actions fall within the wide range of reasonable assistance nor shown that his attorney's actions prejudiced him. He has not shown that but for the alleged deficiencies of counsel he would not have pled guilty and would have insisted on proceeding to trial.

## C. Failures to Investigate

Movant next claims that his attorney failed to investigate jurisdictional issues, the legal basis for his "indictment and conviction", and valid defenses. (*See* Supp. Mot. at 2.)

To succeed on "an alleged failure to investigate, a movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Because the Court has found no merit to any of Movant's other claims, any failure to investigate those claims fails for lack of prejudice to Movant. To the extent that Movant is claiming a failure to investigate that is unrelated to any claim not asserted in this action, the failure-to-investigate claim is conclusory and insufficient to obtain collateral relief in this § 2255 action. *See*, *e.g.*, *Woods*, 870 F.2d at 288 n.3.

Movant's ineffective assistance claims entitle him to no relief.

## IX. EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case. The statute provides that no evidentiary hearing is required when "the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b).  A defendant bringing a claim under § 2255 that conflicts with his sworn testimony must provide "specific factual allegations" regarding the alleged violation of his constitutional rights, and these allegations must be corroborated before a hearing will be required. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Furthermore, when the movant's showing is inconsistent with the bulk of his conduct or otherwise fails to meet his burden of proof in light of other evidence in the record, the Court may dispense with his allegations without an evidentiary hearing. *Id.*  Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary.  Because Movant has provided no independent support for his various claims, he is not entitled to a hearing.  The matters reviewed by the Court conclusively show that Movant is entitled to no relief.

## X.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.  The *Motion to Strike* (doc. 22 in civil action) should also be **DENIED**.

**SIGNED this 13th day of November, 2009.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE